107 F.3d 2
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
George H. FOWLER, Esq., Plaintiff-Appellant,
v.
Gordon PARKS, Winger Enterprises, Inc., Defendants-Appellees.
 No. 95-2849.
 United States Court of Appeals, Second Circuit.
 Jan. 23, 1997.
 
 APPEARING FOR APPELLANT: Gordon H. Fowler, New York, NY.
 APPEARING FOR APPELLEE: Karen S. Frieman, New York, NY.
 Before VAN GRAAFEILAND, LEVAL and CABRANES, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was argued by counsel.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 Plaintiff-Appellant George H. Fowler appeals from an order of the United States District Court for the Southern District of New York (Kaplan, J.), dismissing his complaint for lack of subject matter jurisdiction.
 
 
 1
 Fowler, an attorney licensed to practice in New York, filed suit in New York state court to recover attorney's fees and disbursements that defendants, his former clients, allegedly owe him. Following the dismissal of that lawsuit, Fowler, a citizen of New York, brought this action against defendants Winger Enterprises, Inc., a New York corporation, and Gordon Parks, its sole shareholder, who is also a New York citizen. Invoking the 14th Amendment of the United States Constitution, the complaint alleges that defendants deprived Fowler of his right to property.
 
 
 2
 After determining that there was no diversity of citizenship and also that Fowler's constitutional claim was "nothing more than a state court claim 'recloaked in constitutional garb,' " the district court dismissed the complaint sua sponte for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3). Finding no basis for reversal, we affirm.
 
 
 3
 Fowler argues that the district court should not have dismissed the complaint without giving him notice and allowing him to submit papers in opposition. Although district courts must exercise caution in dismissing claims sua sponte, and should ordinarily allow an opportunity to file opposing papers, the complaint made abundantly clear that Fowler's claim did not arise under the 14th Amendment, any other constitutional provision, or any federal law. Indeed, Fowler's appellate memorandum suggests no plausible basis for subject matter jurisdiction under 28 U.S.C. § 1331. Under these circumstances, we find no error in the district court's sua sponte dismissal.
 
 
 4
 The judgment of the district court is affirmed.